IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 11 2006

Michael N. Milby, Clerk of Court

| | |
|---|---|
| CRISTOBAL M. OROZCO,<br>TDCJ-CID #831994,<br>    Plaintiff,<br><br>v.<br><br>ABBAS KHOSHDEL,<br>    Defendant. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-06-0783<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cristobal M. Orozco, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 against TDCJ physician Abbas Khoshdel, alleging deliberate indifference to his serious medical needs. In compliance with this Court's order, plaintiff filed a more definite statement. (Docket Entry No. 19.) The threshold question for this Court is whether plaintiff's claims should be dismissed as frivolous and for failure to state a claim. After reviewing the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this lawsuit fails to state a claim and should be dismissed for the reasons that follow.

### I. CLAIMS

Plaintiff claims that during late 2005 and early 2006, Dr. Khoshdel failed to provide him proper and adequate medical care for his elevated liver enzymes, stomach ulcer, indigestion, seizures, and H. pylori infection. He also claims that Khoshdel refused to send him to a specialist, and that he retaliated against him for his grievances by discontinuing his

ranitidine prescription and not providing antibiotics for the H. pylori infection. Plaintiff seeks monetary compensation, unspecified injunctive relief, and an order prohibiting Khoshdel from examining plaintiff in the future.

## II. ANALYSIS

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). As shown below, plaintiff's claims are frivolous and lack an arguable basis in law or in fact.

### A. Retaliation

The law is well established that prison officials may not retaliate against an inmate for complaining through proper channels about a prison officer's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a qualifying retaliatory adverse act, and (4) causation. *Id.* The prisoner must produce direct evidence of motivation or allege a

chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Personal beliefs and conclusory allegations are insufficient. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Causation" requires a showing that but for a retaliatory motive, the complained of incident would not have occurred. *Woods*, 60 F.3d at 1166.

The Court ordered plaintiff to provide a more definite statement of the facts supporting his claim that Khoshdel retaliated against him by withholding medical care. In response, plaintiff set forth nothing more than conclusory allegations of his personal belief that Khoshdel was retaliating against him:

> Whether it was due to retaliation for me filing a grievance or what ever form of withholding medical care. . .
>
> [My medical care] does not meet the standard of adequacy. Therefore, I can not think of a more reasonable explanation for being denied medical help except but for [Khoshdel's] retaliatory intent.
>
> Again, the only reasonable explanation I can think of for [Khoshdel's] failure to renew my ranitidine prescription [i]s through retaliatory for me filing a grievance. . . . Unless there were policies that interfered with adequate medical care[,] I can not think of any other reasonable excuse that would [i]nduce restrictions on medical care, or stopped my ranitidine from being renewed.

(Docket Entry No. 19, pp. 1, 2.) In his more definite statement, plaintiff presented other non-retaliatory reasons for Khoshdel's medical decisions:

> [Khoshdel's] actions or inactions against me could have been from being inadequately trained which is not unusual for doctors that work for TDCJ. . [.] or from medical neglect or malpractice or from regulations.

3

(*Id.*, p. 3.) Plaintiff sets forth neither direct evidence of motivation nor alleges a chronology of events from which retaliation may plausibly be inferred. Plaintiff's conjectural assertions are insufficient to raise a claim for retaliation, and his retaliation claims against Khoshdel will be dismissed as frivolous and for failure to state a claim. *See Jones,* 188 F.3d at 325.

### B. Deliberate Indifference to Serious Medical Needs

Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain. *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). To prevail on such a claim, an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Id.* at 105-06. Deliberate indifference exists wholly independent of an optimal standard of care. *Gobert v. Caldwell,* __F.3d__, No. 05-30820, at 13 (5th Cir. August 29, 2006).

A showing of deliberate indifference requires the inmate to demonstrate that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute deliberate indifference, nor do an inmate's disagreements with his medical care, absent exceptional circumstances, give rise to such a claim. *Gobert,* at 7.

4

A physician's consideration of and failure to follow the recommendations of another treating physician do not amount to deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1994).

A review of plaintiff's complaint, more definite statement, and grievances reveals that his complaints are based in inadequate or improper medical care, negligence, and disagreements with his medical care, not deliberate indifference. Plaintiff complains that Khoshdel failed to prescribe antibiotics for his H. pylori, but when asked by the Court to name the provider who told him antibiotics were necessary, plaintiff stated only that "FORSTI KIMERBLY PA advi[s]ed plaintiff that lab had tested his blood work and the results [were] positive for H. pylori." (Docket Entry No. 19, p. 1.) Moreover, plaintiff admits elsewhere in his statement that he received a fifteen-day course of antibiotics to treat his H. pylori infection. (*Id.*, p. 2.) In response to his grievance regarding seizure medications, plaintiff was informed that, "Dr. Khoshdel states that the seizure medication has liver side effects, and should be stopped because you do not need it at this time. Your liver is sensitive and could not tolerate it." (Docket Entry No. 1, p. 13.)

The grievances submitted by plaintiff show that his medical complaints were examined and monitored, and that treatment was provided as deemed appropriate by Khoshdel and other medical care providers. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."); *Bejaran v. Cruz*, 79 Fed. Appx. 73, 74 (5th Cir. 2003) (stating that an inmate's admission in his complaint that

5

medical staff took x-rays and gave him mild, generic medications refuted his assertions of deliberate indifference to his serious medical needs). Plaintiff's assertion that his medical complaints were ignored is belied by his grievances and prison officials' responses to those grievances.

Plaintiff's disagreement with Khoshdel's treatment decisions or refusals to prescribe certain medications does not establish deliberate indifference to his serious medical needs. Khoshdel's decisions regarding the type and extent of appropriate medical care for plaintiff are decisions based in professional medical judgment, and do not rise to the level of an Eighth Amendment violation. To the extent plaintiff complains that the medications he received in prison injured his liver, his complaint sounds in negligence, not deliberate indifference. Plaintiff's claims for deliberate indifference will be dismissed as frivolous and for failure to state a claim.

## C. State Law Claims

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the Court has dismissed plaintiff's section 1983 claims, the Court declines to exercise supplemental jurisdiction over any claims plaintiff asserts against Khoshdel based on state law. *See Bass*

*v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994).

### III.   CONCLUSION

This lawsuit is frivolous and fails to state a claim for which relief can be granted, and is **DISMISSED** pursuant to 28 U.S.C. § 1915A.  Any pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the ____ day of September, 2006.

```
                              _____
                              KEITH P. ELLISON
                              UNITED STATES DISTRICT JUDGE
```